POWER ELECTRIC COMPANY, INC., Plaintiff and Appellant, *v.* RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, Defendant and Appellee.

No. 8941.   Argued June 15, 1944.—Decided July 14, 1944.

*Damián Monserrat, Jr., Gabriel de la Haba* and *Rafael Baragaño, Jr.,* for appellant. *Jesús A. González, Acting Attorney General,* and *P. A. Rodríguez Forteza, Deputy Attorney General,* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the court.

In the instant case the plaintiff filed a petition for a declaratory judgment in the district court in which it was prayed that the court "declare and decree that the provisions

of paragraph 20 of §16 of Act No. 85 of August 20, 1925, as amended by Act No. 25 of December 4, 1942, and by Act No. 116 of May 12, 1943, do not levy or impose any tax, excise or impost on the materials and effects manufactured, sold, transferred, used or introduced in Puerto Rico, and that constitute electrical apparatus or parts or accessories of the same; that it forbid the defendant to file any action against the plaintiff to collect the excise taxes to which this complaint refers. . .". The plaintiff has appealed from the judgment of the lower court dismissing the petition.

The allegations of the petition of the plaintiff undoubtedly set forth a controversy between the plaintiff and the Treasurer.[1] The district court held, however, that it had no jurisdiction over the subject matter, in view of the provision of §4 of Act No. 169, Laws of Puerto Rico, 1943 (p. 600), that "The Tax Court shall have *exclusive* jurisdiction. . . of all actions, proceedings, special or extraordinary remedies, and claims of any kind, relating to or affecting the levying, collection, payment, return or reimbursement of all kinds of taxes, including excise and income taxes. . . and any other taxes or imposts. . ." (Italics ours.)

The appellant conceded at the oral argument that its petition is based solely on the alleged illegality of the tax being

---

[1] The first two paragraphs of the petition read as follows:

"First: The plaintiff is engaged in the importation and sale, within the Island of Puerto Rico, of electrical apparatus, parts, and accessories necessary for the functioning of the same, and also, in the sale of other electrical effects and materials. On May 30, 1943, the inspectors of the Bureau of Excise Taxes of the Department of Finance of Puerto Rico took an inventory of the stock of the plaintiff for the purpose of levying the 15% excise tax fixed and provided by paragraph 20 of §16 of Act No. 85 of August 20, 1925, as amended by Act No. 25 of December 4, 1942, and by Act No. 116 of May 12, 1943. In taking said inventory, the inspectors of the Bureau of Excise Taxes included in the same all the electrical effects and materials that were in the plaintiff's establishment to the amount of $8,764.50, to which sum they added an estimated profit of $1,972.90, making a total of $11,837.40. On said total the defendant, through his agents and employees, levied the 15% excise tax fixed and determined by the above-cited act, and demanded of the plaintiff the payment of $1,775.61.

"Second: The plaintiff has informed the defendant repeatedly that it is not obliged to pay the above-mentioned sum of $1,775.61, as paragraph 20 of

claimed by the Treasurer, and that none of the equitable considerations are present in this case which, prior to the passage of Act No. 169, have moved us in the past to enjoin the collection of taxes (see cases collected on p. 584 of *Fernández* v. *Buscaglia, Treas.*, 60 P.R.R. 582). The plaintiff nevertheless insists that it is entitled, by way of a declaratory judgment, to a determination of the illegality of the tax herein; and that if such a declaration is made in its favor by the district court, it will then be entitled, pursuant to §8 of the Uniform Declaratory Judgment Act, Act No. 47, Laws of Puerto Rico, 1931 (p. 378), to an injunction restraining the collection of the tax herein.

We have recited the facts and contentions herein at length in order to demonstrate that it was unnecessary for the district court to decide this case on the basis that it had no jurisdiction to render a declaratory judgment herein. Taking the petition and arguments of the plaintiff at their face value, they state a case in which the district court in the appropriate exercise of its discretion should have denied relief by way of declaratory judgment (see *Paul Smith Const. Co.* v. *Buscaglia*, 140 F. (2d) 900 (C.C.A. 1st, 1944); *Great Lakes Co.* v. *Huffman*, 319 U. S. 293). In the ordinary case the remedy at law provided in the Tax Court is adequate, *Ballester* v. *Court of Tax Appeals*, 60 P.R.R. 749, and tax-

Section 16 of Act No. 85 of August 20, 1925, as amended by Act No. 25 of December 4, 1942, and by Act No. 116 of May 12, 1943, does not levy any tax, excise, or impost on the electrical effects and materials manufactured, sold, transferred, used, or introduced in Puerto Rico, the cited provision of law being applicable only to electrical apparatus and to parts and accessories necessary for the functioning of said electrical apparatus, but the defendant insists that the cited provision of law is applicable to electrical effects and materials as well as to electrical apparatus and parts and accessories necessary for the functioning of said electrical apparatus; he also insists that the plaintiff must pay the sum of $1,775.61 as an excise tax or impost on the electrical effects and materials to which the second paragraph refers, and demands of the plaintiff the payment of said sum, alleging that the provision of said section makes taxable all the electrical apparatus and the accessories for the same, irrespective of the use for which they are destined, and all other electrical material or effects, it being of no importance whether it is an apparatus or a part or accessory of the same.''

payers should not ordinarily be permitted to by-pass that court by utilizing the device of petitioning for a declaratory judgment in the district court. Whether or not jurisdiction still exists in the district court to give declaratory relief, coupled with the additional coercive relief of injunction, in a case coming within the rule laid down in *Fernández* v. *Buscaglia, Treas., supra,* is a question which need not concern us here and we therefore expressly leave it open. (See Annotation, Tax questions as proper subject of action for declaratory judgment, 132 A.L.R. 1108. Cf. *Miles Laboratories* v. *Federal Trade Commission,* 140 F. (2d) 683 (C.C.A., D.C., 1944); *United States ex rel. Jordan* v. *Ickes,* F. (2d), decided June 5, 1944 (C.C.A., D.C., 1944).)[2]

The judgment of the district court will be affirmed.

---

[2] Although not directly in point, the Annotation, Justiciable Controversy within Declaratory Judgment Act as predicable upon advice, opinion, or ruling of public administrative officer, found at 149 A.L.R. 349 *et seq.,* would also be of some assistance in determining this question.